UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14054-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

GEOVANI ALEXANDER SALES,

 Defendant.
_____/

REPORT AND RECOMMENDATION ON
DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1 AND 2

 **THIS CAUSE** came before me on April 20, 2022. Having conducted a hearing, I recommend as follows:

 1. A Petition for Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on July 30, 2021. DE 206. The Defendant appeared before me for a hearing on April 20, 2022. The hearing was translated to the Defendant by the Court's Spanish language interpreter. The Defendant indicated to me that he was able to understand what was being said to him throughout the hearing.

 2. After consultation with his attorney, the Defendant announced at the hearing that he wished to admit the violations set forth in the Petition. The Defendant admitted the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about June 23, 2021, in Broward County, Florida, the defendant committed the offense of Illegal Re-entry of Removed Alien, contrary to [8] U.S.C. § 1326(a). |

**Violation Number 2**   **Violation of Special Condition**, by re-entering the United States without the written permission of the Undersecretary for Border and Transportation Security. If the defendant re-enters the United States within the term of supervised release, he is to report to the nearest U.S. Probation Office. On or about June 23, 2021, the defendant re-entered the United States without the written permission of the Undersecretary for Border and Transportation Security, as evidenced by his arrest on June 23, 2021, in Broward County, Florida.

3. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

4. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understood that if his admissions to Violation Numbers 1 and 2 are accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

5. The Government proffered a factual basis for the Defendant's admissions to Violation Numbers 1 and 2. The Defendant agreed that the facts proffered by the Government are true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that the proffered facts establish a sufficient factual basis to support the Defendant's admissions to Violation Numbers 1 and 2.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 1 and 2, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States

District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 20th day of April, 2022.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE